IN RE TRUSTEESHIP UNDER THE LAST WILL AND TESTAMENT OF JAMES K. DUFFY.

CHARLES F. DUFFY, Trustee.

No. 45561.

JUNE 17, 1941.

Mitchell & Loth, for trustee, appellant.

Swisher, Swisher & Cohrt, for objectors, appellees.

PER CURIAM.—Charles F. Duffy, age 49, was appointed executor under the will of his father, James K. Duffy, by the District Court of Black Hawk County, Iowa, wherein the will was admitted to probate on April 12, 1937. He was also nominated trustee under the will and qualified as such on July 22, 1938, on the closing of the estate, and is still acting as such trustee.

By item five of the will and codicil, the remainder of the property, which consists of the farm in Hamilton County, Iowa, of 299.34 acres, and the home in Waterloo, and a small item of cash was left in trust to Charles F. Duffy. The will directed the trustee to receive all monies derived from the properties or assets of the estate and to disburse the same under the provisions of the will. Said will contains the following provision:

"It is my wish and direction that my three children: Mae A. Duffy of Waterloo, Iowa; Marguerite Duffy Killinger of Chicago, Illinois; and Charles F. Duffy of Waterloo, Iowa, confer and be consulted with respect to leases or sales of real estate and matters of major importance with respect to the management and disposition of the corpus of this trust, and that so far as possible the management and disposition of said property be by agreement of said parties."

There was a provision in the will for the payment of twenty-five dollars ($25) per month by the trustee for the care of an incompetent son, James H. Duffy, who is usually referred to as Harold, until sufficient funds were on hand to make up a trust fund of $6,000, the income of which was to be used for his care and support. Upon his death, the corpus of said $6,000 was to be distributed to Mae Duffy Robert, also referred to in the record as Mae Duffy, and Marguerite Duffy Killinger, who

are the two daughters of the deceased. After setting aside said $6,000 as a trust fund and the payment of a legacy, the balance of the funds derived from the sale of the real estate or other trust property was to be divided equally among the three children of the deceased, Charles, Mae and Marguerite.

B. F. Swisher of Waterloo acted as attorney for the executor and also acted as attorney for the trustee until August, 1938, when the trustee dispensed with his service for no apparent reason. In September, 1938, he employed George Harris as his attorney and in February, 1939, for no apparent reason he discharged him. In February, 1939, he employed E. R. O'Brien of Oelwein as his attorney and in May, 1939, for no apparent reason he discharged him. He then consulted with the law firm of Hagemann and Hagemann who refused employment and on May 4, 1939, he employed Mr. Sweet of Waverly. At the time of the hearing on the third report in January, 1940, he employed W. L. Beecher of Waterloo, Iowa, as an additional attorney.

The trustee secured an order of court to pay B. F. Swisher the sum of $75 and George D. Harris the sum of $50, which payment he made.

There was no litigation in connection with the trust estate, and the only matters arising therein were the sale of the farm in Hamilton county and the home in Waterloo, sale of which had not been made at the time of the hearing and the renting of said real estate. The only thing the trustee ever consulted his lawyers about was the sale and leasing of said real estate. During the time that B. F. Swisher and Harris were employed as attorneys for the trustee, nothing was done, as shown by the court records, except the issuance of an appraiser's commission and the return thereof.

During O'Brien's tenure of employment, there was filed a trustee's first report, a petition for order approving farm lease, a petition for authority to sell the farm, and an application or petition by the trustee for order approving claims and allowance upon his account of attorneys' fees for Swisher, Harris and O'Brien with several orders setting the time and place of hearing on said petitions and applications, and returns of service

of the notice of application to sell real estate and approve lease on Mae Duffy and Mae Duffy, guardian.

On May 9, 1939, the trustee filed a petition or application for order to approve the allowance upon his account of attorney's fees and expenses for E. R. O'Brien in the amount of $439.18 which was allowed by ex parte order, no notice having been served on any of the beneficiaries.

On June 27, 1939, an order was made authorizing and directing the trustee to sell the farm subject to the mortgages of record and to offer the real estate, if sold at private sale, to his sisters on the same terms and conditions which he might propose to sell to any third party, providing that the sisters should make their written election to purchase within fifteen days after being notified by the trustee of the offer which he had on said real estate, and that if they refused to accept, he was then to proceed with the sale to the party from whom said offer was received.

Thereafter, on July 11, 1939, the trustee notified his sisters he had entered into a contract with one Virgil E. Nutt at $110 an acre, and before the expiration of time set in the order the sisters elected to purchase the farm.

After the aforesaid order, the trustee orally contracted with Hollebrand and Black, real-estate brokers, to pay them $2.00 per acre if they produced a buyer at $110 who was able, ready and willing to buy. The sisters had no knowledge of this agreement and the trustee and his brokers made no effort to contact them. The brokers knew of the court order but made no investigation of it.

The trustee filed his third report, in which he asked approval of expenditures made, including the attorneys' fee already made to Swisher, Harris and O'Brien. He also asked for approval of traveling expenses incurred and asked for permission to pay broker's commission for sale of land, and for additional trustee fees. Objections were filed by his sisters, the other parties interested in the trust and a hearing was held.

The lower court approved the payment of fees in the amount of $600 to Charles F. Duffy, trustee; approved the fee of $500 plus expenses to Sweet & Sager, attorneys at law. The court further approved the payment of $25 to attorney, W. L.

Beecher of Waterloo. The court disapproved the traveling expenses of the trustee, the attorney fee to Swisher, Harris and O'Brien and disallowed the real-estate commission. The trustee has appealed.

The first proposition argued is that the court erred in not allowing the attorney fee set forth in the report.

In In re Estate of Schropfer, 225 Iowa 576, 281 N. W. 139, 144, allowance was made of attorneys' fees on application of the attorney and on notice to one of the executors. Some interested beneficiaries sought revision and on appeal it was held the order of allowance should have been set aside. On page 585, the court said:

"The matter of his compensation and expenses is at all times subject to the court's revision. Likewise orders of allowance made to him for services of his attorneys, prior to the enactment of what is now section 12064, Code 1935 were subject to like revision. In re Estate of Sawyer, 124 Iowa 485, 100 N. W. 484. By reason of section 12064 the allowance is now made directly to the attorney rather than to the executor for his attorney. But in this procedural change there is no detraction from the powers of the court to revise allowances, in like manner as in the case cited. The situation respecting compensation of an attorney, appointed by the court, to represent an estate, has the same characteristics as formerly, and the same reasons obtain for holding that the court may revise an order made with respect to an attorney's compensation. Any other theory of practice would be susceptible to abuse, and so destructive to the rights of parties in interest to obtain a proper revision of such an order, that the court should decline to give it indorsement in the absence of any compelling statutory provision contra."

In the recent case above cited this court held that attorney fees, if upon intermediate reports on ex parte orders, are subject to review at any time and objections to the same can be raised at the time of the hearing on the final report of the executor.

It is a peculiar record that confronts us. No question is raised as to the ability of the various attorneys employed by

the trustee. It is conceded that each of said attorneys conferred with the trustee, and on per diem basis they did spend time in conferring with him or reviewing the record which was of the reasonable value of the allowance of their fees. But it is claimed and rightfully so, that their services were rendered of no value to the estate because the trustee for no reason shown in the record saw fit to discontinue their services. Here we have a case, involving only the sale of a farm, where the trustee had five different lawyers, which he discharged not because they were not capable of doing the necessary work, but for no reason that the record discloses. Considering the work and the amount involved, we come to the conclusion that the lower court allowed a fair and reasonable amount as attorney fees in the sum of $525.

It is next contended that the court erred in disallowing the broker's commission in the amount of $600.

There can be no question but that a trustee, authorized to sell real estate, is empowered to employ a firm of real estate brokers if the same is necessary and for the proper management of the trust. In the case at bar a provision of the will and of the trust provided that the trustee should consult with his two sisters, who eventually purchased this land. This the record clearly shows he refused to do. Had he followed the directions of his trust it would not have been necessary to have employed the real estate brokers, and the lower court was right in refusing to allow the payment of the commission.

It necessarily follows that the judgment and order of the lower court must be and it is affirmed.—Affirmed.

SAGER, J., takes no part.